{¶ 1} I respectfully dissent. This Court was presented with circumstances similar to those in the case at bar in State v. Davis
(2000), 140 Ohio App.3d 659. In that case, the appellee left the apartment of a shooting suspect for whom the police were executing warrants to arrest and to search for weapons. The appellee drove away in his vehicle and police officers initiated an investigative stop, during which they discovered crack cocaine on the floor of the appellee's automobile. At the hearing on the appellee's motion to suppress the cocaine, police officers testified that there was no ground for suspicion that the appellee was engaging in criminal activity: "The apparent purpose of the stop was to determine whether the driver of the vehicle was [the shooting suspect] and whether any weapons were being removed from the [suspect's] apartment by means of the vehicle." Davis at 662. InDavis, there was testimony at the suppression hearing that the appellee and the warrant suspect did not physically resemble each other.
{¶ 2} We held in Davis that the state failed to present articulable facts sufficient to justify a reasonable suspicion of criminal activity by the appellee. Citing Ybarra v. Illinois (1979),444 U.S. 85, 91, 62 L.Ed.2d 238, we stated: "A third party's mere association with suspected criminals does not reasonably give rise to probable cause to search his person or property." Davis at 664. Rather, probable cause to search or seize a person "must be supported by probable cause particularized with respect to that person." Id., quoting Ybarra at 91.
{¶ 3} Given the lack of any basis for reasonable suspicion particularized with respect to appellant, the officers lacked reasonable suspicion to stop appellant in the instant case. The officers therefore obtained their vantage point from which they observed the cocaine in appellant's pocket as a result of their unlawful seizure of his person. The "plain view" exception consequently does not apply, and the warrantless seizure of the drugs observed in appellant's pocket and discovered in the subsequent search incident to his arrest violated hisFourth Amendment rights. I would sustain appellant's sole assignment of error.